## HARRINGTON *vs.* MERIWEATHER.

1. On the trial of an action of assumpsit, a bill of exceptions was taken by the
plaintiff to the rulings of the court, and the jury also rendered a verdict in his
favor. On motion of the defendant, a new trial was granted, "with the un-
derstanding that the same be revised, and a bill of exceptions allowed." The
plaintiff filed a transcript of the record in the Supreme Court, without suing
out a writ of error, and assigned for error the bill of exceptions. *It was held*,
That the cause should be stricken from the docket, there being no final judg-
ment, and no writ of error.

Tried before the Hon. Alex. McKinstry, Judge of the
City Court of Mobile.

DARGAN, C. J.—Noah Harrington brought an action of
assumpsit against Meriweather in the City Court of Mobile.
Upon the trial, a bill of exceptions was taken to the ruling of
the court by the plaintiff, but the jury rendered a verdict in
his favor. The defendant moved for a new trial, which was
granted by the court, "with the understanding," as the record
informs us, "that the same be revised, and a bill of exceptions
allowed." No writ of error has been issued, but the plaintiff
Harrington assigns for error the bill of exceptions taken up-
on the trial.

It is enough to say, that there is no final judgment in the
cause. The grant of the new trial sets aside the verdict and
judgment that had been rendered, and the cause stands in the
court below as if no trial had ever been had. No writ of
error therefore can be sued out to this court, for it lies only
upon a final judgment or decree.

But in this case there is no writ of error, and it seems to be the desire of the parties, to obtain the opinion of this court upon a question of law, which may come up upon the trial that may hereafter be had. We only possess the power to revise the action of the court, when the judgment is final; until then, there is nothing to revise.

Let the cause be stricken from the docket.